UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00678-FDW

| | |
|---|---|
| GEOFFREY LEWIS WOMACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| STEPHANIE ALCANTARA, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court upon initial review of Plaintiff Geoffrey Lewis Womack's pro se civil Complaint pursuant to 42 U.S.C. §§ 1983, 1985. (Doc. No. 1.) Also before the Court is Plaintiff's Application to Proceed without Prepaying Fees or Costs. (Doc. No. 2.)

**I. BACKGROUND**

Plaintiff filed this action on November 20, 2017, while incarcerated at the Mecklenburg County Jail. He names Stephanie Alcantara, identified as an officer with the Charlotte Mecklenburg Police Department ("CMPD"), Taft Farmer, identified as a CMPD officer, and Dan Decker, identified as a CMPD detective/investigator, as Defendants.

This is Plaintiff's second civil rights complaint stemming from incidents occurring on December 16, 2015.[1] See Compl., Womack v. Paragon Systems, et al., No. 3:17-cv-00667-FDW (W.D.N.C. filed Nov. 16, 2017), Doc. No. 1. Plaintiff alleges that on that day, two security guards working at the Social Security Administration's Charlotte office falsely accused him of stealing a framed picture of Barack Obama, a coat, an iPhone, and a flip phone from their work

---

[1] Plaintiff's other complaint is docketed in a civil case.

1

station. (Compl. 2-3, Doc. No. 1.) He also alleges he was accused of stealing a grey 2012 Honda Accord. (Compl. 1.)

According to the Complaint, Defendant Alcantara arrested Plaintiff based upon the security guards' reports and filed false charges against him for misdemeanor larceny and felony larceny of a motor vehicle without conducting any investigation to determine if the reports were true. (Compl. 6.) It appears from the Complaint that Defendant Farmer also responded to the security guards' call to police and transported Plaintiff from the scene. (Compl. 7.) According to the Complaint, Farmer did not inform Plaintiff where he was being taken; Plaintiff began having an anxiety attack and chest pains; medic was called and Plaintiff was taken to the hospital where he was not assigned a room but was treated in the hallway. (Compl. 7.) Defendant Farmer kept watch for 25-30 minutes while Plaintiff was being treated; Farmer was then relieved by another officer. (Compl. 7.)

After Plaintiff was discharged, the other CMPD officer transported him to the CMPD Hickory Grove substation, to be interviewed by Defendant Decker. (Compl. 7.) Plaintiff alleges he was handcuffed to a wall in a small room under a hidden camera; Plaintiff did not learn of the camera's existence until September 17, 2016. He claims he was deceived by Defendant Decker, but he does not state how he was decieved. (Compl. 7.)

Plaintiff claims he was falsely imprisoned when he was placed in the custody of the Mecklenburg County Jail. (Compl. 3.) He acknowledges being indicted by a grand jury for felony larceny of a motor vehicle and four counts of misdemeanor larceny but alleges the trial judge declared a mistrial because the jury could not reach a verdict at trial. (Compl. 3.) Plaintiff asserts he has been in custody ever since, waiting to be retried. (Compl. 3.)

II. IN FORMA PAUPERIS MOTION

Federal law requires that a party instituting a civil action in federal district court pay a filing fee or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914(a), 1915(a)(1). A prisoner seeking to bring a civil action in federal district court without prepayment of fees, must file an affidavit that includes a statement of all assets such prisoner possesses and a statement that the prisoner is unable to pay such fees or give security therefor. § 1915(a)(1). Additionally, the prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. § 1915(a)(2).

Plaintiff has filed the required affidavit (Doc. No. 2) but has not filed a certified copy of his inmate account statement from the Mecklenburg County Jail. The Court takes judicial notice that Plaintiff filed a certified copy of his inmate account statement in his related complaint, which was opened four days before the instant action.[2] Inmate Acct. Stmn't, Womack, No. 3:17-cv-00667-FDW at Doc. No. 4 (sealed). Based upon the affidavit filed in the instant Complaint (Doc. No. 2) and the inmate account statement filed in Civil Case No. 3:17-cv-00667-FDW, the Court finds Plaintiff has insufficient funds to prepay the filing fee. Therefore, the Court will grant Plaintiff's application to proceed without prepaying the filing fee.

### III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious,"

---

[2] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" Goldfarb v. Mayor of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015). Under Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute," in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

With respect to failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. However, a complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff purports to bring claims for false arrest and false imprisonment and seeks damages in the amount of $77 million. (Compl. 2-3, 5.)

The Court takes judicial notice that as a consequence of his December 16, 2015 arrest, Plaintiff was charged by indictment with felony larceny, felony possession of stolen goods, three counts of misdemeanor larceny, and attaining habitual felon status. State v. Womack, 809 S.E.2d 407, 2018 WL 710107, at *1 (N.C. Ct. App. 2018) (unpublished). The State voluntarily dismissed one count of misdemeanor larceny prior to trial. Id. On February 10, 2017, a jury found Plaintiff guilty of two counts of misdemeanor larceny. Id. The jury could not reach a verdict on the two felony counts, and a mistrial was declared as to those counts. Id. Because the State could not procure convictions on either of the felony counts, it could not proceed on the habitual felon indictment. Id. at *1 n.1. The trial court arrested judgment on one of the misdemeanor larceny convictions and sentenced Plaintiff to 120 days' imprisonment on the other larceny conviction. Id. at *1. Plaintiff's direct appeal was denied. Womack, 2018 WL 710107, at *2 ("We are unable to find any possible prejudicial error in the judgment and conclude that defendant's appeal therefrom is wholly frivolous."). Contrary to the allegations in the Complaint, then, the jury was unable to reach a verdict on only two counts, and the trial court declared a mistrial for only those two counts. Womack, 2018 WL 710107, at *1.

Plaintiff's claims for damages are not cognizable under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

5

> U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Id. at 486-7. The Complaint makes no distinction between the charges allegedly filed by Defendant Alacantara, the charges for which Plaintiff was indicted, or the counts in which the jury found Plaintiff guilty and those in which it was unable to reach a verdict. Plaintiff contends all of the accusations against him were false, and thus, his arrest was unlawful, all of the charges filed against him were false, all of the indictments were based on false accusations, and his imprisonment on every charge was unlawful.

Therefore, if this Court were to hold that Plaintiff was arrested on false charges and unlawfully imprisoned based upon false charges, it would necessarily imply the invalidity of Plaintiff's misdemeanor larceny conviction. Plaintiff's claims for damages cannot proceed under § 1983 unless he can show his criminal conviction has been terminated in his favor. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (interpreting Heck). Plaintiff has made no allegation or showing that his criminal judgment has been overturned or otherwise officially rendered invalid. Indeed, the North Carolina Court of Appeals did not issue its opinion rejecting Plaintiff's direct appeal until February 6, 2018, almost three months after Plaintiff filed the instant Complaint. See Womack, 2018 WL 710107.

Accordingly, Plaintiff's claims are barred for failure to state a claim that is cognizable under § 1983. See Wilkinson, 544 U.S. at 81-82. His Complaint shall be dismissed without prejudice to Plaintiff's ability to raise such claims in a future § 1983 action, in the event he is

able to obtain relief on his underlying misdemeanor larceny conviction by way of an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 or similar state proceeding.

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Application to Proceed without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**; and

2. Plaintiff's 42 U.S.C. § 1983 Complaint (Doc. No. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Signed: May 28, 2018

Frank D. Whitney
Chief United States District Judge